IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LARRY J. STOKES                                                                                     PLAINTIFF

V.                                                                        CIVIL ACTION NO. 1:16-CV-152-SA-DAS

CAPTAIN D'S, LLC,
STORE MASTER FUNDING I, LLC, and
SHN PROPERTIES, LLC                                                                              DEFENDANTS

MEMORANDUM OPINION

Larry Stokes originally filed this case in the Circuit Court of Lowndes County. Stokes alleges that, on September 29, 2013, he slipped and fell in a puddle of water on the floor of the Captain D's restaurant in Columbus, Mississippi. Stokes sustained a variety of injuries to his arm and knee, including some permanent impairment. Stokes further alleges that the leaking air conditioner or vent that created the puddle was an ongoing issue, known to the Defendants for years. The Defendants removed the case to this Court on the basis of diversity jurisdiction. *See* Notice of Removal [1, 21, 23]. Now before the Court is the Defendants' Motion for Partial Summary Judgment [84] requesting that the Court dismiss Stokes' claim for punitive damages. Plaintiff Stokes filed a Response [88], and the Defendants filed a Reply [92] making this issue ripe for review.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. A party may move for summary judgment, identifying each claim or defense *-or the part of each claim* or defense- on which summary judgment is sought. FED. R. CIV. P. 56(a) (emphasis added).[1] Summary

---

[1] Contrary to the Plaintiff's assertions, the Federal Rules of Civil Procedure apply in this Court, although Mississippi law applies to the substantive issues in this diversity case. *See Wentzell v. JPMorgan Chase Bank, Nat. Ass'n*, 627 F. App'x 314, 317 (5th Cir. 2015); *Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 632 (5th Cir. 2015); *Crownover v. Mid-Continent Cas. Co.*, 772 F.3d 197, 201 (5th Cir. 2014).

judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. *Id*. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*Punitive Damages*

The Mississippi Code authorizes punitive damages if a claimant can "prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others . . . ." MISS. CODE ANN. § 11-1-65(1)(a). "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed 'with caution and within narrow limits.'" *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008) (citing *Life &*

*Cas. Ins. Co. of Tenn. v. Bristow*, 529 So. 2d 620, 622 (Miss. 1988); *Standard Life Ins. Co. v. Veal*, 354 So. 2d 239, 247 (Miss. 1978)).

> Punitive damages should be awarded in addition to actual or compensatory damages where "the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others . . . . [In other words, there must be] some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule.

*Id.* (citing *Bradfield v. Schwartz*, 936 So. 2d 931, 936 (Miss. 2006) (alteration in original)).

While declining to endorse a precise definition, the Mississippi Supreme Court has approximated "gross negligence" as "that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *McDonald v. Lemon-Mohler Ins. Agency, LLC*, 183 So. 3d 118, 126 (Miss. Ct. App. 2015); *West Cash & Carry Building Materials, Inc. v. Palumbo*, 371 So. 2d 873, 877 (Miss. 1979); *Dame v. Estes*, 101 So. 2d 644, 645 (Miss. 1958). Willful and wanton conduct "'usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm would follow.'" *King v. Dolgencorp, LLC,*, No. 1:15-CV-367-LG-RHW, 2016 WL 4250415, at *1 (S.D. Miss. Aug. 10, 2016) (citing *Pigford v. Jackson Pub. Sch. Dist.*, 910 So. 2d 575, 579 (Miss. Ct. App. 2005) (quoting *Maldonado v. Kelly*, 768 So. 2d 906, 910 (Miss 2000)). Willful and wanton conduct should be distinguished from negligence in that it "'is a failure or refusal to exercise any care, while negligence is a failure to exercise due care.'" *Id.*

*Discussion and Analysis*

In this case, the Defendants have admitted vicarious liability for the actions of their employees working at the restaurant. As this Court, and others, has previously explained,

punitive damages are not available in Mississippi on the basis of vicarious liability. *See Littlejohn v. Werner Enterprises, Inc.*, No. 1:14-CV-44-SA-DAS, 2015 WL 3484651 (N.D. Miss. June 2, 2015) (gathering cases); *see also* MISS. CODE. ANN. § 11-1-65. Therefore, any punitive damages claim the Plaintiff may have in this case must be based on the conduct of the Defendants, and not the conduct of their employees. Therefore, the question now before the Court is whether the Plaintiff has raised any genuine issues of material fact as to the Defendants' own conduct that could support a claim for punitive damages.

Much of the summary judgment briefing in this case is devoted to developing the parties' competing versions of the facts of the case based on the discovery conducted. In particular, the Court notes that there is much dispute over the period of time that the air conditioner was leaking, perhaps intermittently for years. The parties also dispute how much water was accumulating and how often, what attempts were made to fix the problem by whom and when, who knew about the leak including corporate agents, and who had access to the thermostat.

Because there are numerous disputed facts in this case related to the extent of the Defendants' involvement, the Defendants have admitted partial liability, and it appears likely at this time that at least some compensatory damages are warranted, albeit based on vicarious liability, summary judgment adjudication on punitive damages is not appropriate at this time.

*Conclusion*

For all of the reasons fully explained above, the Defendants' Motion for Partial Summary Judgment [84] is denied without prejudice.

So ORDERED on this the 5th day of September, 2017.

    /s/ Sharion Aycock          
UNITED STATES DISTRICT COURT JUDGE