IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**LARRY J. STOKES**                                                                                 **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO. 1:16-cv-152-SA-DAS**

**CAPTAIN D'S, LLC,**
**STORE MASTER FUNDING I, LLC,**
**AND SHN PROPERTIES, LLC**                                                         **DEFENDANTS**

## **ORDER**

Before the Court is a motion styled Plaintiff's Motion to Remove Stipulation and Strike Defendants' Amended Answer and Allow All Proof of Foreseeability and Negligence of Defendants [110]. However, as argued at the motion hearing held on February 5, 2018, the Court will treat the motion as a motion to compel. Stokes argues that he sought documents which Captain D's not only refused to provide, but actively sought to conceal. Captain D's counters that it objected to the requested documents as irrelevant and that objection was never challenged.

As an example, Stokes requested, among other things, safety manuals "which were in effect on September 29, 2013 [the date of the incident], as well as any subsequent additions, deletions, and/or edits . . . since September 29, 2013." Captain D's responded with an "object[ion] to the production of any procedures that postdate the accident because they are not relevant to this case." Stokes continued to request additional discovery. While Captain D's

supplemented its responses over time, it continued to object to any documents that postdated the incident. After close of discovery in the instant case, plaintiff's counsel discovered in an unrelated case documents he believed were responsive to the request for documents in the instant case. However, those documents would have fallen under Captain D's "postdate" objection.

The Court is well aware of the frustration between the parties over the last year. At oral argument, both parties concede that their counsel exchanged approximately five hundred emails regarding whether Defendants had been fully cooperative and forthcoming in responding to discovery requests. However, If Plaintiff believed he was entitled to discovery that he had not received, he was obligated to file a motion to compel pursuant to Rule 37. During the hearing, plaintiff's counsel argued she did not file a motion to compel because defense counsel repeatedly told her they "had provided everything." Nevertheless, based on the number of emails exchanged, it is clear the plaintiff was unhappy with the productions, and only long after the discovery period has ended does he now ask the court to compel production. The court has no choice but to deny the motion. While the instant motion is clearly one to compel, the requirements of Rule 37 have not been met.[1] Rule 37 thus mandates a denial of the motion for failure to comply with these requirements. *See* UNIF. LOC. R. 37. While Rule 37 provides for a

---

[1] "Motions raising issues concerning discovery . . . must quote verbatim each interrogatory, request for production, or request for admission to which the motion is addressed, and must state:

  (1) the specific objection;
  (2) the grounds assigned for the objection (if not apparent from the objection itself); and
  (3) the reasons assigned as supporting the motion.

The objections, grounds and reasons must be written in immediate succession to the quoted discovery requested. The objections and grounds must be addressed to the specific interrogatory, request for production, or request for admission and may not be general in nature."

UNIF. LOC. R. 37.

denial without prejudice to refile in conformity, discovery has long since closed, and the Court declines to reopen discovery.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Remove Stipulation and Strike Defendants' Amended Answer and Allow All Proof of Foreseeability and Negligence of Defendants [110], which this Court treats as a motion to compel, is DENIED.

SO ORDERED this, the 13th day of February, 2018.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE