IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LARRY J. STOKES                                                                                              PLAINTIFF

V.                                                                             CIVIL ACTION NO. 1:16-CV-152-SA-DAS

CAPTAIN D'S, LLC,
STORE MASTER FUNDING I, LLC, and
SHN PROPERTIES, LLC                                                                                    DEFENDANTS

ORDER ON PRETRIAL MOTIONS

In anticipation of the trial to be held on April 30, 2018, the Defendants filed a timely Motion in Limine [99] requesting that the Court exclude certain evidence and information from presentation at trial. The Plaintiff additionally filed five out-of-time motions related to trial evidence and discovery. *See* Plaintiff's Motions [101, 109, 110, 111, 112].[1]

*Preliminary Issues*

The Plaintiff in this case slipped and fell while dining at a Captain D's restaurant in Columbus, Mississippi. The Plaintiff now seeks damages, including punitive damages, for the injuries he sustained. The Defendants admit liability for the Plaintiff's fall, but dispute the amount of the Plaintiff's claimed damages.

Given the posture of this case, well-established statutory and judicial precedents require the Court to bifurcate the issues of liability and compensatory damages, and punitive damages. *See* MISS. CODE ANN. § 11-1-65; *Bradfield v. Schwartz*, 936 So. 2d 931, 938–39 (Miss. 2006); *Robinson v. Nationwide Mut. Fire Ins. Co.*, No. 4:11-CV-103-MPM-JMV, 2013 WL 12187498, at *5 (N.D. Miss. Jan. 15, 2013). The Court will commence the trial of this case by informing the

---

[1] The Plaintiff's Motion to Strike [110] is primarily discovery related and was denied by the Magistrate Judge assigned to this case. *See* Order [130]. The Plaintiff objected and appealed the Magistrate Judge's ruling to this District Judge. *See* Objection [132]; Response [133].

jury that the Defendants have admitted liability for the Plaintiff's fall and move immediately into the damages phase. If a Plaintiff's verdict is returned and compensatory damages are awarded, the Court will commence the punitive damages phase. *See id.*; s*ee also* Order [97].

The Court reminds the parties that the procedure outlined in § 11-1-65 will be "meticulously followed" to prevent the jury from confusing "the basic issue of fault or liability and compensatory damages with the contingent issue of wanton and reckless conduct which may or may not ultimately justify an award of punitive damages." *See id*.

The Court recognizes that the Plaintiff's numerous creatively styled pre-trial motions are transparent attempts to blur the evidentiary boundary between liability, compensatory damages, and punitive damages. The Court will strictly adhere to its mandated gatekeeper role to insulate the jury from prejudice. Within this context, the Court will consider the various preliminary evidentiary issues presented by the parties below.

*Defendants' Motion in Limine [99]*

The Defendants' Motion in Limine [99] contains three requests. First the Defendants request that the Court exclude any mention by the Plaintiff of the case *Foradori v. Harris*, 523 F.3d 477 (5th Cir. 2008) at trial. Second, the Defendants request that the Court exclude certain documents and deposition testimony provided to the Plaintiff by the Defendants' medical expert David Gandy. Third and finally, the Defendants request that the Court exclude certain opinions in the deposition testimony of the Plaintiff's medical expert Russell Linton.

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Harkness v. Bauhaus U.S.A.,*

*Inc.*, No. 3:13-CV-129, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (quotation marks and citations omitted).

*Foradori v. Harris*, involved a fight between an off-duty employee and a customer at a Captain D's restaurant in Tupelo, Mississippi. After a jury trial, the District Court entered a verdict in the customer plaintiff's favor finding that the restaurant operator's negligent failures to regulate, train, supervise, and control its off-duty employees on its premises were proximate causes of customer's injuries. Ultimately, the 5th Circuit Court of Appeals affirmed the jury and trial court's findings, including a substantial damages award.

Based on the record, including deposition excerpts provided by the parties, it is likely that the Plaintiff intends to reference the facts, circumstances, and outcome of *Foradori* at trial. The Plaintiff has not provided any basis for doing so, and it appears that the Plaintiff's primary motivation for mentioning *Foradori* would be to alert the jury to the significant monetary award in that case. For the reasons explained above, the Court will not admit this type of evidence, particularly during the compensatory damages phase. To the extent that certain corporate manuals and documents used in the *Foradori* trial also may be relevant in this case, the Court will reserve judgment on those specific items until they can be considered within the context of this trial, if and when an appropriate foundation is laid. The Court cautions the Plaintiff not to mention the *Foradori* case by name, or to mention the damages awarded in that case, in the jury's presence absent an explicit ruling otherwise.

Next, the Defendants request that this Court exclude portions of their medical expert's video deposition that refer to documents and evidence subject to a protective order previously entered by this Court. *See* Order [90]. The Plaintiff has not provided any argument for overturning

the protective order. The Plaintiff also fails to point to a single specific document or testimony, and any related basis of relevancy for the same that should be admitted.

The Plaintiff does argue, without citing to specific portions of the deposition, that certain statements by Gandy demonstrate bias and prejudice because he is one of the Defendants Counsel's "best customers". Given the complete lack of relevant argument raised by the Plaintiff, the protective order previously entered will remain in place. Depending on the case and testimony ultimately presented at trial, the Court may consider specific, relevant argument about Gandy's potential bias first offered outside the jury's presence.

Finally, the Defendants request that the Court exclude two portions of testimony provided by the Plaintiff's expert Russell Linton because they are not expressed within a reasonable degree of medical probability, but are instead expressed merely in terms of possibility. The portions of testimony the Defendants want excluded appear on pages 47-48 and 55-56 of Linton's deposition.

As the Fifth Circuit has expressed, under Mississippi law, expert testimony regarding medical causation is not probative unless it is stated in terms of probabilities, not possibilities. *Overpeck v. Roger's Supermarket, LLC*, No. 1:12-CV-124-SA-DAS, 2014 WL 12539658, at *3 (N.D. Miss. Feb. 10, 2014) (citing *Spaulding v. United States*, 241 F. App'x. 187, 190 (5th Cir. 2007).

In pages 47-48 of his deposition, Linton discusses an apparently unrelated hypothetical injury. It is unclear how, if at all, this hypothetical injury could be relevant to the instant case. The Plaintiff provides no argument on the relevancy or reliability of these specific statements.[2] Because Linton's discussion of a hypothetical injury does not conform to the probability standard

---

[2] The Plaintiff generally argues that the Defendants are attempting to challenge this portion of Linton's testimony "as a ruse to challenge all of Dr. Linton's testimony and opinions." Because the Defendants are seeking to exclude only these two brief, discrete sections of testimony this argument is not well-taken.

4

articulated above, and because the Plaintiff has not brought forth any other grounds for relevancy, the Defendant's request to exclude this portion of Linton's deposition is granted.

The second section of Linton's testimony at issue, on pages 55-56 (line 18) is another hypothetical discussion related to latency of symptoms from a hypothetical injury. In this section, Linton begins his testimony: "You know, that's a question that is truly very hard to answer. Okay. Could you make a little nick in it and then it extends? That is possible. Most people . . .". Again, because Linton's discussion of a hypothetical injury does not conform to the probability standard articulated above, and because the Plaintiff has not brought forth any other grounds for relevancy, the Defendant's request to exclude this portion of Linton's deposition is granted.

For all of the reasons, and within the bounds explained above, the Defendant's Motion in Limine [99] is granted.

*Plaintiff's Motion in Limine [101]*

Next the Court takes up the Plaintiff's Motion in Limine [101]. Although the Motion was filed well outside the deadline, the Defendants did have an opportunity to respond, so in an effort to prepare the issues for trial, the Court will consider the motion. The Plaintiff's move for the following six requests:

1) Defendants be precluded from referencing attempts to stipulate to liability,

2) Defendants be precluded from referencing previous award of damages or settlement for unrelated worker's compensation claim,[3]

3) Defendants be precluded from referencing Plaintiff's social security retirement income,[4]

---

[3] Defendants concede this issue but reserve the right to introduce the worker's compensation file relevant to the nature of the Plaintiff's damages in that case.
[4] Defendants concede this issue and agree not to attempt to offset Plaintiff's alleged lost wages with Social Security retirement benefits.

4) Defendants be precluded from introducing any evidence not produced in discovery,[5]

5) all references to Plaintiff's medical costs for injuries associated with this litigation be excluded,

6) Defendants be precluded from referencing disability status of potential witness Helen Gray.

Because the Defendants concede issues 2, 3, and 4, in their responses the Plaintiff's motion in limine is granted on those issues.

As to the first issue, the Court noted above that the Defendant have admitted liability for the Plaintiff's fall and intends to proceed immediately to the damages phase. The jury will be informed that the Defendants have admitted to liability. To the extent that the Plaintiff is attempting to reject the Defendants' admission and confuse the issues of liability, compensatory damages, and punitive damages, this request is denied. To the extent that the Plaintiff is seeking to exclude mention of the Parties' pretrial negotiations and attempts to compromise, such mention is excluded within the bounds of Federal Rule of Evidence 408.

As to the Plaintiff's request to exclude reference to his own medical bills and costs, it appears from the record that the Plaintiff is not seeking reimbursement for his medical bills. The Plaintiff states that he receives Medicare and has Supplemental insurance, both of which have waived their right to reimbursement. The Plaintiff argues that the introduction of his medical costs will be prejudicial because it will minimize the impact of his actual injuries and confuse the jury as to what damages the Plaintiff is actually seeking. The Plaintiff does not cite any authority to support his argument.

---

[5] Defendants concede this issue.

The Defendants argue that a lack of evidence on medical expenses will confuse the jury even more, citing to Mississippi Code Annotated § 41-11-119 for the proposition that medical bills are *prima facie* evidence that the expenses incurred were necessary and reasonable, and to *Whiteaker v. Fred's Stores of Tennessee, Inc.*, a premises liability case where Judge Michael P. Mills found that the lack of medical bill evidence greatly confused the jury resulting in a new trial on damages. No. 3:08-CV-129-MPM-SAA, 2011 WL 475012, at *6 (N.D. Miss. Feb. 4, 2011). The Court agrees with Judge Mills that the Plaintiff's strategy here is both "unusual and arguably misleading" and is reluctant to allow it. *Id*. Based on these precedents, the Plaintiff's request to exclude all evidence of his medical bills is denied. Should the Plaintiff wish to continue to pursue this strategy he will need to present this Court with authority supporting his right to do so.

Turning to the Plaintiff's final request, that the Defendants be precluded from referencing disability status of potential witness Helen Gray, the Court notes that based on the record it appears likely that Gray will offer testimony adverse to the Defendants' case, particularly on the issue of punitive damages. It also appears likely that the Defendants will attempt to question Gray, a former Captain D's employee, about the circumstances surrounding her termination from the company in an attempt to highlight her potential bias against the Defendants. This issue is not yet ripe for determination. Depending on the case and testimony ultimately presented at trial, the Court will consider this issue in that context. The Parties should proceed cautiously when broaching this issue during trial, and the Court will consider any relevant objections in due course.

The Plaintiff's Motion in Limine [101] is granted in part and denied in part.

*Other Pending Pretrial Motions*

The Plaintiff filed four additional pretrial motions: Motion for Discovery *to Admit All Deposition Testimony* [109], MOTION to Strike *D's Amended Answer and Allow All Proof* [110],

MOTION for Discovery *to Include All Evidence of Foreseeability and Causation* [111], MOTION for Discovery *to Admit Appropriate Deposition Testimony and Strike Inappropriate Testimony of Todd Smith, M.D.* [112].

The first of these, Motion for Discovery *to Admit All Deposition Testimony* [109], is not a motion but is instead an untimely supplemental response to the Plaintiff's Motion in Limine [109] filed nearly a month late without leave from the Court. Because the Plaintiff filed this motion well outside the established deadlines, failed to request leave to supplement, and failed to comply with the case management order, the Court finds the Motion both untimely and procedurally improper. *See* L.U.C<small>IV</small>.R. 7, 11, 15. That motion is denied.

As the substance of the Plaintiff's Motion to Strike [110] is primarily discovery related, it falls under the purview of the Magistrate Judge assigned to this case. The Magistrate Judge, interpreting the motion as one to compel, held a hearing on the issues presented and subsequently entered an order denying the motion for failing to comply with the requirements of Federal Rule of Civil Procedure 37. Disagreeing with the Magistrate Judge's ruling, the Plaintiff filed an Objection [132] requesting review, to which the Defendants responded, *see* [131].

"A party aggrieved by a magistrate judge's ruling may appeal the ruling to the assigned district judge." L.U.C<small>IV</small>.R. 72(a)(1)(A). The Local Rules further provide:

> No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

L.U.C<small>IV</small>.R. 72(a)(1)(B). Similarly, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See Estes v. Lanx, Inc.*,

No. 1:14-CV-52-SA, 2015 WL 8543623, at *1 (N.D. Miss. Dec. 11, 2015), *aff'd*, 660 F. App'x 260 (5th Cir. 2016).

The Plaintiff argues that he recently discovered certain documents that he believes the Defendants should have turned over in discovery but did not. The Plaintiff requested that the Court compel the disclosure of the documents and sanction the Defendant by striking their answer and affirmative defenses, and reopening discovery. The Magistrate Judge found that the documents in questions were the subject of a valid objection to production from the Defendants, and that the Plaintiff, despite ample opportunity and well documented frustration with the Defendants' production, failed to file a motion to compel or otherwise comply with Federal Rule of Civil Procedure 37 and Uniform Local Civil Rule 37 which control in this situation.

Although the Plaintiff fails to raise any specific findings of fact or rulings that he believes are clearly erroneous or contrary to law, he does argue generally that it was impossible for him to file a motion to compel for documents he did not know existed. Even so, the Plaintiff never challenged the Defendants' production objection, and conspicuously, even now that the Plaintiff has the documents, the Plaintiff has still failed to identify why the documents are important or relevant in this case. This is an important omission, particularly when considered in the context of the current posture of the case.

Because the Plaintiff failed to identify any clearly erroneous findings of fact or conclusions of law in the Magistrate Judge's decision, the Plaintiff' Objection [132] is overruled and the Magistrate Judge's ruling on the Plaintiff's Motion to Strike [110] is affirmed as denied.

The Plaintiff's next Motion for Discovery *to Include All Evidence of Foreseeability and Causation* [111] does not contain a specific request for relief. The motion does contain argument regarding the discovery issues already addressed and decided above which the Court has already

considered. The motion also contains argument regarding the issue of the Defendants' admission of liability. Here, the Plaintiff again attempts to distort the line between fault and damages. The Plaintiff argues that although the Defendants have admitted liability for the Plaintiff's fall, they continue to deny that the Plaintiff was injured in the fall. Thus, the Plaintiff argues, the door remains open for the Plaintiff to present any and all evidence regarding liability. Although unclear, it appears that the Plaintiff is conflating two causation issues important in this case. The first, as stipulated by the Defendants, is that the Defendants' breach of duty caused the Plaintiff to fall. The second, that remains ardently contested, is the extent of the Plaintiff's injuries caused by the fall.

Of course, evidence related to the Plaintiff's actual injuries sustained in the fall must be presented in this case. The Court is well aware, however, of the Plaintiff's desire to present potentially damaging evidence in his case in chief related to the Defendants' conduct and failures that is not relevant to the Plaintiff's injuries. As outlined above the Court will safeguard the jury from prejudice and confusion and adhere to the requisite evidentiary boundaries.

Because the Plaintiff's Motion [111] contains no specific, coherent request for relief, it must be denied.

The Plaintiff's final pending pretrial Motion for Discovery *to Admit Appropriate Deposition Testimony and Strike Inappropriate Testimony of Todd Smith, M.D.* [112] requests exclusion of two portions of Smith's deposition testimony, and admission of a third portion, over the Defendants' objections. The Defendants did not file a response.

The Court finds that the substance of this motion will best be considered in the full context of trial. The Court will consider the Plaintiff's arguments regarding Smith's testimony, if necessary, outside the presence of the jury. The Court's ruling on the Plaintiff's Motion [112] is deferred until trial.

*Conclusion*

For all of the reasons fully explained above, the Court orders the following:

The Defendants' Motion in Limine [99] is GRANTED.

The Plaintiff's Motion in Limine [101] is GRANTED in part and DENIED in part.

The Plaintiff's Motion in Limine [109] is DENIED.

The Plaintiff' Objection [132] is OVERRULED and the Magistrate Judge's ruling on the Plaintiff's Motion to Strike [110] is AFFIRMED as DENIED.

The Plaintiff's Motion for Discovery [111] is DENIED.

Ruling on the Plaintiff's MOTION in Limine [112] is DEFERRED until trial.

So ORDERED on this the 4th day of April, 2018.

    /s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE